UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MICHAEL HALL,

                     Plaintiff,

      -against-

BROOKDALE UNIVERSITY HOSPITAL AND
MEDICAL CENTER,

                     Defendant.
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**
18-CV-3290(PKC)(PK)

PAMELA K. CHEN, United States District Judge:

Plaintiff Michael Hall, proceeding *pro se*, brings this action against Defendant The Brookdale University Hospital and Medical Center ("Brookdale") pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed and Plaintiff is granted thirty (30) days' leave to file an amended complaint.

## BACKGROUND

On March 29, 2018, Plaintiff was taken to Brookdale by New York City Police Department officers following an unspecified incident at Plaintiff's home involving his neighbors. (Complaint, Dkt. 1, at 4.)[1] Plaintiff states that he was never placed under arrest, but that "the police insisted [he] go to the hospital." (*Id.*) Upon arriving at the hospital,

> [Plaintiff] was interviewed and told [he] was free to leave in the 6am hour of the morning. Later, [he] was informed I needed to wait for the doctors; arriving at 10am. After a few hours, [he] inquired about [his] unrestricted egress; [he] was told to have Paranoia and later told to have Schizophrenia. That diagnosis resulted in a 12 day violation of [his] Civil Rights with visible exercise of force by way of guards, chemical injections and locked doors.

---

[1] All page numbers refer to the pagination generated by the CM/ECF system and not the document's internal pagination.

(*Id.*)  According to Plaintiff, he was held under the emergency provision of Section 9.39 of the New York Mental Hygiene Law.[1]  Plaintiff seeks declaratory relief and money damages.  (*Id.* at 5.)

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citation omitted).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citation omitted).

"In addressing the sufficiency of a complaint, [the Court] accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [the Court is] not required to credit conclusory allegations or legal conclusions couched as factual allegations."  *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).  "A document filed *pro se* is to be liberally construed,

---

[1] Under Section 9.39 (a) of the New York Mental Hygiene Law:

> The director of any hospital maintaining adequate staff and facilities for the observation, examination, care, and treatment of persons alleged to be mentally ill and approved by the [State Commission of Mental Health] to receive and retain patients pursuant to this section may receive and retain therein as a patient for a period of fifteen days any person alleged to have a mental illness for which immediate observation, care, and treatment in a hospital is appropriate and which is likely to result in serious harm to himself or others.

and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). At the same time, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant violated the plaintiff's federal rights while acting under color of state law. *Washington v. County of Rockland*, 373 F.3d 310, 315 (2d Cir. 2004). A private entity acts under color of state law for purposes of Section 1983 when "(1) the State compelled the conduct [(the 'compulsion test')], (2) there is a sufficiently close nexus between the State and the private conduct [(the 'close nexus test' or 'joint action test')], or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State [(the 'public function test')]." *Hogan v. A.O. Fox Memorial Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (quoting *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

Plaintiff's claim against Defendant fails because Brookdale is a private hospital and "the forcible medication and hospitalization of [a plaintiff] by private health care providers" cannot be "fairly attributed to the state." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (citing *Doe v. Rosenberg*, 166 F.3d 507, 507 (2d Cir. 1999) (per curiam)); *see also Bradshaw v. Brookdale Hosp. Med. Ctr.*, No. 91-CV-2241 (RJD), 1993 WL 289435, at *2 (E.D.N.Y. July 21,

1993) ("[Plaintiff] concedes that his 1983 claim fails because Brookdale is a private institution."). "A private hospital is generally not considered a state (for section 1983 actions) or federal (for *Bivens* actions) actor." *Anthony v. Med. Staff at Inst.*, No. 16-CV-1122 (LDH)(LB), 2016 WL 1383491, at *2 (E.D.N.Y. Apr. 7, 2016) (collecting cases); *see also White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) ("[P]rivate actors and institutions, such as . . . hospitals . . . are generally not proper § 1983 defendants because they do not act under color of state law."). Moreover, private hospitals or health care professionals do not engage in state action when they involuntarily commit a patient under Section 9.39 of the New York Mental Hygiene Law. *McGugan*, 752 F.3d at 229-31 ("The arguments that the power to involuntarily hospitalize a patient should be considered as traditionally falling within the exclusive prerogative of the state are by no means frivolous. But, in light of [the Second Circuit's decision in] *Rosenberg*, a panel of this Court is not at liberty to adopt them.") (citing *Rosenberg*, 166 F.3d at 507).[2] Therefore, Plaintiff cannot allege state action by Brookdale on that basis.[3]

## LEAVE TO AMEND

In light of this Court's duty to liberally construe *pro se* complaints, and in an abundance of caution, Plaintiff is granted thirty (30) days' leave from the date of this Order to file an amended complaint. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). If Plaintiff elects to do so, he must comply with Fed. R. Civ. P. 8, which means that he must name proper defendant(s) and "must

---

[2] One potential exception to this general rule would be if Plaintiff could demonstrate that "state actors requested . . . [or] compelled [Brookdale] or its staff to involuntarily hospitalize [him]." *McGugan*, 752 F.3d at 230. Although Plaintiff currently alleges that police officers transported him to the hospital, that fact alone is insufficient to establish state action. *See id.* at 229 (finding that although "involuntary hospitalization occurred after state actors transported [the plaintiff] to [the hospital,]" that fact, "without more, [did not] affect the state action analysis").

[3] Even if the Court construed Plaintiff's complaint as bringing a § 1983 claim against individual staff members of Brookdale, his claim would fail for the same reasons. *See McGugan*, 752 F.3d at 229-31.

4

demonstrate [each] defendant's direct or personal involvement" in the actions that are alleged to have caused the deprivation of his constitutional rights. *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). Plaintiff's amended complaint must be captioned as an "AMENDED COMPLAINT" and bear the same docket number as this Order.

## CONCLUSION

For the reasons stated herein, the complaint is dismissed. Plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint. If Plaintiff does not file an amended complaint within thirty (30) days, judgment dismissing the case shall enter. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
　　　　July 12, 2018