```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MICHAEL HALL,
```
                        Plaintiff,                       **MEMORANDUM AND ORDER**
                                                                               18-CV-3290(PKC)(PK)

      -against-

```
BROOKDALE UNIVERSITY HOSPITAL AND
MEDICAL CENTER, DR. TAHISHA TOLBERT,
DOCTOR STEPHAN CARLSON, and NEW
YORK STATE LEGISLATURE,
```

                        Defendants.
----------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

        Plaintiff Michael Hall, proceeding *pro se*, filed this action on June 1, 2018, against The Brookdale University Hospital and Medical Center ("Brookdale") pursuant to 42 U.S.C. § 1983. (Dkt. 1.) By Memorandum and Order dated July 12, 2018, the complaint was dismissed and Plaintiff was granted thirty days' leave to file an amended complaint. (Dkt. 4.) On August 7, 2018, Plaintiff filed an amended complaint again naming Brookdale as a Defendant and adding Dr. Tahisha Tolbert ("Dr. Tolbert"), Dr. Stephan Carlson ("Dr. Carlson") and the New York State Legislature as Defendants. (Dkt. 5.)

        For the reasons stated in the Court's July 12, 2018 order, Plaintiff's Amended Complaint is dismissed. Despite Plaintiff's assertion that Brookdale, "is [a] direct New York State agent" (*id.* at 7), Brookdale is a private hospital and, as previously stated, "the forcible medication and hospitalization of [a plaintiff] by private health care providers" cannot be "fairly attributed to the state[,]" *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014). One potential exception to this general rule would be if Plaintiff could demonstrate that "state actors requested . . . [or] compelled [Brookdale] or its staff to involuntarily hospitalize [him]." *Id.* at 230. Although

Plaintiff's Amended Complaint names two of the Brookdale doctors who treated him as additional Defendants, he has still failed to allege that the police officers who took him to the hospital—or any other state actors—requested that he be involuntarily hospitalized or medicated. *See Bryant v. Steele*, 93 F. Supp. 3d 80, 91-92 (E.D.N.Y. 2015) ("[M]ere communications . . . between a private and a state actor, without facts supporting a concerted effort or plan between the parties, are insufficient to make the private party a state actor." (internal quotation marks omitted)).

## CONCLUSION

For the reasons stated herein, the Amended Complaint is dismissed. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to enter judgment and close this case accordingly.

SO ORDERED.

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: August 16, 2018
      Brooklyn, New York